## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HUGH C. MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-371 (TSC) |
| | ) | |
| MARK T. ESPER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

While deployed in Iraq, Plaintiff Hugh McKinney's National Guard unit experienced an improvised explosive device (IED) attack in 2005.  (ECF No. 1 (Compl.) ¶ 9.)  Plaintiff requested a Purple Heart for injuries sustained during this attack, but his request was denied three times by the U.S. Army Human Resources Command, and a fourth time on appeal before the Army Board for Correction of Military Records (Board).  (*Id.* ¶¶ 35–41, 45.)  Plaintiff sued the Secretary of the Army, David Esper, under the Administrative Procedure Act, 5 U.S.C. §§ 701–06 (APA), arguing that the Board's denial was arbitrary, capricious, and unlawful.  5 U.S.C. § 706(2)(A).

Defendant has moved to dismiss Count II for lack of jurisdiction, and for summary judgment on Counts I and III.  (ECF No. 8 (Def. MTD/MSJ).)  Plaintiff has cross-moved for summary judgment on all counts.  (ECF No. 11 (Pl. MSJ).)  Having considered the entire record, and for the reasons stated below, Defendant's motions will be GRANTED, and Plaintiff's motion will be DENIED.

# I.    STANDARD

## A.  <u>Summary Judgment</u>

"[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal.  The 'entire case' on review is a question of law."  *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001); *see also Richards v. INS*, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977).  If the agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," it shall be set aside.  5 U.S.C. § 706(2)(A).  Review under the arbitrary and capricious standard, however, is "highly deferential" and "presumes the agency's action to be valid."  *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981); *see also Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[A] reviewing court may not set aside an agency [decision] that is rational, based on consideration of the relevant factors and within the scope of the authority delegated to the agency by the statute.")

Military board decisions are entitled to even greater deference than other agency actions. *Piersall v. Winter*, 435 F.3d 319, 324 (D.C. Cir. 2006).  The court need only find that the Board's decision "minimally contain a rational connection between the facts found and the choice made." *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir.1997) (internal quotation marks and citations omitted).  This does not, however, dispense with the mandate that the Board's action "be supported by reasoned decisionmaking," *Haselwander v. McHugh*, 774 F.3d 990, 990 (D.C. Cir. 2014), and respond to all of Plaintiff's non-frivolous arguments.  *Frizelle*, 111 F. 3d at 177.

## B.  <u>Motion to Dismiss</u>

In assessing standing on a motion to dismiss, a court must "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (internal quotation marks and citations omitted). A complaint may be dismissed "only if it is clear that no relief can be granted under any set of facts

that could be proved consistent with the allegations." *Totten v. Norton*, 421 F. Supp. 2d 115, 119

(D.D.C. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (internal quotation

marks omitted).  A court has discretion to consider materials outside the pleadings to determine its

jurisdiction.  *See Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1107 (D.C. Cir. 2005).

## II.    ANALYSIS

### A.  Count II

Count II alleges that the Board violated the APA in refusing to unconditionally excuse any

alleged untimeliness of Plaintiff's Purple Heart request.  (Compl. ¶¶ 59–67.)  It is true that the

Board did not "unconditionally" excuse any alleged untimeliness.  (ECF No. 19-1, Administrative

Record (AR) at 8.)  It is also true, however, that notwithstanding any timeliness issue, the Board

nonetheless "elected to conduct a substantive review," of the request and dismissed the application

on the merits, not due to untimeliness.  (*Id.*)

Defendant argues that Plaintiff suffered no injury in fact, and therefore lacks Article III

standing.  (Def. MTD/MSJ at 12.)  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)

(requiring for standing, *inter alia*, a judicially cognizable injury that is "concrete and particularized"

and "actual and imminent, not conjectural or hypothetical.")  The court agrees with Defendant;

neither the Complaint nor Plaintiff's briefing claim that the failure to "unconditionally" excuse

alleged untimeliness injured Plaintiff in any way.  (Compl. ¶¶ 59–67; Pl. MSJ at 27–28; ECF No. 17

(Pl. Reply).)  To the contrary, because the Board reached the merits of Plaintiff's request, any

failure to unconditionally excuse alleged untimeliness played no role in its decision to deny Plaintiff

the Purple Heart.  Therefore, the court finds that even if the Board violated the APA by failing to

unconditionally excuse any alleged untimeliness, Plaintiff has no standing because he suffered no

judicially cognizable injury.  Defendant's motion to dismiss Count II will be granted.

### B. Counts I & III

Counts I and III allege that the Board's denial of Plaintiff's application for a Purple Heart was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the APA. 5 U.S.C. § 706(2)(A). The Board "may correct any military record" when it "considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). "The applicant has the burden of proving an error or injustice by a preponderance of the evidence." 32 C.F.R. § 581.3(e)(2). Here, the Board found that "there is no evidence in the available record, and neither the applicant nor his counsel submitted sufficient evidence" indicating that Plaintiff qualifies for a Purple Heart. (AR at 12.)

While it is a close case, the court finds that the Board's conclusion was neither arbitrary nor capricious. Pursuant to Army Regulation 600-8-22, a Purple Heart shall be awarded if the service member was (1) wounded, injured, or killed in hostile action, terrorist attack, or friendly fire; (2) the wound or injury required medical treatment; and (3) "the records of medical treatment . . . have been made a matter of official Army records." Army Reg. 600-8-22 §§ 2-8(c), 2-8(l)(3) (2019).

This case turns on the second element, that the injury "required" medical treatment. Army Reg. 600-8-22 § 2-8(c). The term "treatment" is not all-encompassing. First, it must be "treatment, not merely examination." *Id.* The regulation also provides that "mandating rest periods, light duty, or 'down time' and/or the administration of pain medication . . . in the absence of persistent symptoms of impairment following concussive incidents do not constitute qualifying treatment for a concussive injury." Army Reg. 600-8-22 § 2-8(j)(2). The regulation also provides a nonexclusive list of treatments that do not qualify as treatment:

> (a) Referral to neurologist or neuropsychologist to treat the diagnosed mTBI or concussion.
> (b) Rehabilitation (such as occupational therapy, physical therapy, and so forth) to treat the mTBI or concussion.

(c) Restriction from full duty for a period of greater than 48 hours due to persistent signs, symptoms, or physical finding of impaired brain function due to the mTBI or concussion.

Army Reg. 600-8-22 §§ 2-8(j)(1)(a)–(c).  The treatment must normally be rendered by a "medical officer."[1]  Army Reg. 600-8-22 § 2-8(c).  If, however, a medical officer was unavailable, the Purple Heart may still be awarded if "a medical professional other than a medical officer" provided the treatment and "a medical officer" states in writing that "the extent of the wounds were such that they would have required treatment by a medical officer if one had been available."  Army Reg. 600-8-22 § 2-8(c)(2).

As the Board correctly determined, Plaintiff's evidence does not meet these requirements. Plaintiff admits that he "did not seek medical attention at the time" from a medical officer or a medical professional.  (Pl. MSJ at 4–5.)  Instead, he asserts that he meets the required treatment element by virtue of a letter written over eight years after the incident by Dr. Robin J. DeLeon stating that:

> Under current medical protocols is [sic] would be expected that [applicant] be removed from duty and immediately report to a medical facility for further evalaution [sic] and treatment.  He would not return to duty till cleared by medical providers.  The [Military Acute Concussion Evaluation] examination [sic], however, did not exist on the battlefield in 2005.

(AR at 27; AR at 130.)  Dr. DeLeon's conclusion, though coming close to satisfying the Army Regulation requirements, nonetheless falls short.  He states that treatment would be "expected," but a Purple Heart can only be awarded if the wound or injury "required" treatment. Army Reg. 600-8-22 § 2-8(c).  The letter also does not specify what type of treatment, if required, would have been given; but not all treatments qualify, and Plaintiff bears the burden of showing that his injury required qualifying treatment.  (AR at 130.)  Finally, the regulation requires that the

---

[1] A medical officer is defined as a physician with officer rank.  Army Reg. 600-8-22 § 2-8(c)(4).

statement be from a medical officer, *see* Army Reg. 600-8-22 § 2-8(c), and though Dr. DeLeon was

once a medical officer, he was not one when he wrote the letter.  (AR 78–80.)  For these reasons,

Dr. DeLeon's letter does not remedy the absence of actual required treatment by a medical officer,

and no other evidence in the record fills that essential gap.[2]  Therefore, the Board's decision to not

award a Purple Heart is supported by the record.

Moreover, though brief, the Board's decision is "supported by reasoned decisionmaking,"

*Haselwander,* 774 F. 3d at 990, and, as required, responds to all of Plaintiff's non-frivolous

arguments.  *Frizelle*, 111 F.3d at 177.  In reaching its conclusion, the Board properly framed

Plaintiff's argument about the required treatment as follows: "The applicant states that although a

medical officer was not present at the time of the blast, his subsequent medical record does include

the required statements that the extent of his wounds was such that they would have required

treatment by a medical officer if one had been available to treat him."  (AR at 8.)  The Board then

concluded, however, that neither the record nor Plaintiff's submissions provided sufficient

evidence.  The Board also cited to the provision specifying the required treatment level.  *Id.* at 12

(citing Army Regulation 600-8-22 § 2-8 for the proposition that "limited duty following the incident

and pain medication to treat headaches" does not qualify as treatment for purposes of the Purple

Heart.)  And, though the Board's opinion did not specifically respond to Dr. DeLeon's letter, it did

respond to the broader argument regarding the required treatment element.  *Id.*  That was sufficient

because the Board must respond to all non-frivolous arguments; not to every item of evidence.

*Frizelle*, 111 F.3d at 177.

While the Board's reasoning could certainly be clearer and more thorough, this court must

evaluate its decision "under an unusually deferential application of the arbitrary or capricious

---

[2] Plaintiff cites to portions of the Administrative Record as evidence that treatment was or would have been required.  (Pl. MSJ at 33 (citing AR at 28; AR at 78; AR at 88).)  While this evidence describes his injury, it does not establish the required treatment element.

standard of the [APA]." *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (quoting *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989) (internal quotation marks omitted).  The Board's decision need only "minimally contain 'a rational connection between the facts found and the choice made." *Frizelle*, 111 F.3d at 176.  Under that standard, the court will uphold the Board's reasoning.

Plaintiff also argues that the Board's decision was arbitrary and capricious because it "fashioned a requirement nowhere found" in the controlling regulation, namely that substantiating medical evidence "at the time or near the time of the incident must be provided."  (Pl. Reply at 1, 7.)  Plaintiff is correct that the Board recited this requirement, and that it is not in the controlling regulation.  (*See* AR at 12; Army Reg. 600-8-22 § 2-8.)  But Plaintiff omits the last portion of the Board's description of the requirement, which makes clear that the Board, at most, only applied that temporal requirement to substantiation of the injury itself, *not* to the issue of whether treatment was required. (Pl. Reply at 1; AR at 12.) The Board's description states:

> According to the applicable regulation, to qualify for an award of Purple Heart, substantiating medical evidence at the time or near the time of the incident must be provided to verify that the wound was the result of hostile action, the wound must have required treatment by medical personnel, and the medical treatment must have been made a matter of official record."

(AR at 12.)  Thus, even if the addition of "at the time" is improper, the full sentence illustrates that the Board did not apply that language to the dispositive element: that "the wound must have required treatment." *Id*.

Plaintiff also argues that the Board applied the wrong evidentiary standard, pointing out—correctly—that the proper standard is preponderance of the evidence, and that at one point, the Board used the term "conclusive evidence." (AR at 13.)  Though the Board's use of that term is confusing and unhelpful, it was used in passing and does not purport to describe the evidentiary standard that the Board actually applied.  The Board specifically stated elsewhere that there was "no

evidence" in the record to establish that the required treatment element was met.  (AR at 12.)  That conclusion makes clear that the Board did not apply a hybrid standard of preponderance of evidence and conclusive evidence; indeed it found no evidence.  *Id*.  "[A]n agency's decision [need not] be a model of analytic precision to survive a challenge," and a reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Frizelle*, 111 F. 3d at 176 (quoting *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995) (internal quotation marks omitted).  Though the Board's use of the word "conclusive" is not explained, its analysis supports its conclusion, and for that reason its decision will be upheld.

Plaintiff also argues that the Board overlooked the fact that he lost consciousness.  (Pl. Reply at 9.)  But loss of consciousness is only relevant to proving an eligible injury; it has no bearing on whether Plaintiff's injury required treatment.  According to the regulation, if an individual *neither* loses consciousness nor experiences impaired brain function for greater than 48 hours, then his "injury" does "not justify eligibility for the [Purple Heart]."  Army Reg. 600-8-22 § 2-8(g).  Plaintiff argues that because the Board highlighted the 48-hour rule without mentioning the loss of consciousness component, it ignored the facts suggesting he lost his consciousness.  (Pl. Reply at 9.)  Even if true, this portion of the regulation has nothing to do with the critical element of required treatment.  Army Reg. 600-8-22 § 2-8(g).  It deals only with what does or does not constitute a qualifying injury.  *Id*.  Therefore, the Board's incomplete statement of this rule did not undermine its finding that the required treatment element was not met.

## III.   CONCLUSION

There is no doubt that Plaintiff was injured while serving his country.  But based on the evidence provided to the Board and to this court, the Board's decision that Plaintiff did not meet the specific requirements for a Purple Heart is supported by the record.  Therefore, out of deference to

the Army's efforts to administer the Purple Heart award, and in accordance with Army Regulation 600-8-22, this court must uphold the Board's decision.  Defendant's motion to dismiss Count II and for summary judgment on Counts I and III will be granted, and Plaintiff's Motion for Summary Judgment will be denied.  A corresponding order will be issued simultaneously.

Date:  May 26, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge